[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: THE DEFENDANT'S MOTION TO MODIFY (#139)AND THE PLAINTIFF'S MOTION FOR CONTEMPT (#143)
The parties' marriage was dissolved by decree entered July 22, 1994 at which time the current periodic alimony order was entered directing the defendant to pay the plaintiff $2,000 each month. The defendant was then unemployed, and the court used earning capacity as the basis for the award. The defendant had been an executive in the apparel industry. Subsequent to the divorce the defendant held two short term position in succession, ending in January, 1996.
On February 20, 1996 the parties agreed to a temporary arrangement whereby the defendant was permitted to pay $1,500 for two months and $1,250 for two months allowing the $1,250 unpaid balance to accumulate as arrearage.
On March 19 the defendant obtained a consulting job that lasted three months. He paid $2,000 monthly for the ensuing four months.
After searching for employment in the apparel industry without success, in late August he began his own business known as Select Advantage, a personnel agency. To the date of the hearing the business has generated no income.
The parties informally agreed to reduce the payments to $1,250, beginning with the August installment.
In 1996 the defendant has received $56,000 as a consulting CT Page 6770 fee from Montgomery Ward, $6,980 from another company and about $7,500 from dividends. In addition, the defendant collected unemployment compensation of $7,800.
The defendant paid $1,250 in August, September, October and November, and a grand total of $18,000 for 1996 against the total obligation of $22,000 for the eleven months through November.
The court concludes that the defendant had generated sufficient income during the first eleven months of 1996 to satisfy his alimony obligation. Therefore, his motion to modify is denied.
Since the court has found that the defendant had the ability to pay the periodic order, at least through November, and has not done so without good reason, contempt is found. The defendant is ordered to purge himself of the contempt by paying the plaintiff the sum of $4,000 and $1,000 attorney's fees on or before January 27, 1997.
This contempt motion is continued to January 27, 1997 at 9:30 a.m. at which time the defendant is ordered to appear before the undersigned if the purge sum and attorney's fees have not been paid.
HARRIGAN, J.